Zheng "Andy" Liu (CBN 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: 650-475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff Hui Zhang*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hui Zhang;<br><br>            Plaintiffs,<br><br>   v.<br><br>Ning Meng;<br><br>            Defendant. | Case No.: 5:25-cv-08751-SVK<br><br>**MOTION AND NOTICE OF MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Honorable Susan van Keulen<br><br>Courtroom 6<br><br>Hearing date: March 24, 2026<br><br>Hearing time: 10:00 a.m. |

## NOTICE OF MOTION FOR DEFAULT JUDGMENT

PLEASE TAKE NOTICE THAT March 24, 2026, at 10:00 a.m. before the Honorable Susan van Keulen, at 280 South 1st Street, San Jose, CA 95113, 4th Floor, Courtroom 6, Plaintiff Hui Zhang will and hereby does move the Court for entry of default judgement against Defendant Ning Meng.

Specifically, pursuant to Rule 55 of the Federal Rule of Civil Procedure, Plaintiff seeks a judgment of **$1,051,488.77** in damages, which includes:

1. $1,004,657.53 (total amount due to Plaintiff on August 15, 2025 under the written loan agreement),
2. $46,196.24 prejudgment interest, and
3. $635.00 cost of this suit,

This motion is based on this Notice; the Memorandum of Points and Authorities; the Court's files and records in this action; Plaintiff's Complaint; Declaration of Hui Zhang, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

Dated:  February 17, 2026                                                                 Respectfully submitted,

By: _____/s/_____
Zheng "Andy" Liu (CBN 279327)
1660 South Amphlett Blvd Suite 315
San Mateo, CA 94402
*Attorney for Plaintiff*
*Hui Zhang*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY

This is a dispute between two business partners: Plaintiff Hui Zhang and Defendant Ning Meng. Comp., ¶ 9. Defendant concedes her liability but refused to pay Plaintiff back. Declaration of Hui Zhang (Zhang Decl.), ¶ 2 and Ex. A.

In July 2025, Defendant borrowed one million dollars from Plaintiff under false pretenses, claiming that she needed the money to pay certain taxes. Comp., ¶¶ 21-25.

Defendant initially told me that she would use the one million dollars to pay the tax liability for a friend of hers. Zhang Decl., ¶ 3. Defendant later told me that after receiving my one million dollars in her Bank of American account, she transferred the one million dollars to her Coinbase account and then to her BitBay account, and that she cannot withdraw any money from her BitBay account. *Id.*, ¶ 4.

Despite her default, Defendant knows about this lawsuit from the start but simply has no desire to defend. Defendant was personally served twice (ECF 8 and 13) and negotiated against Plaintiff for a lesser amount in addition to a lengthy payment schedule. The negotiation fell apart, because Defendant insisted on impractical terms. Zhang Decl., ¶¶ 6 and 7. To date, Defendant has still filed any response to the Complaint; a default judgment is thus appropriate. *Id.*, ¶ 9.

///

///

///

## II.   PROCEDURAL HISTORY

On October 13, 2025, Plaintiff filed this lawsuit. (ECF 1.) On November 20, 2025, Plaintiff effected personal service of the Summons and Complaint on Defendant. (ECF 13.) On December 12, 2025, the clerk entered default against Defendant (ECF 14) after Defendant filed to respond before the deadline.

## III.   FACTS

Plaintiff and Defendant are business partners in at least two other ventures. Comp., ¶¶ 9-13. In July 2025, Plaintiff loaned Defendant one million dollars under a written agreement (Compl. Ex. A), after Defendant repeatedly asked to borrow money from Plaintiff. Comp., ¶¶ 14-20. Defendant claimed that she needed the money to pay the tax liability of a friend of hers. Comp., ¶¶ 21-22.

On July 28, 2025, Plaintiff and Defendant entered into the loan agreement, titled "I Owe You Agreement" as follows:

   i.   Plaintiff agreed to lend one million dollars to Defendant by wiring the same into Defendant's Bank of America Account ending in 0425.

   ii.  Defendant agreed to pay Plaintiff back the one-million-dollar principal plus 10% annual interest by August 15, 2025; and

   iii. Defendant agreed to use (1) her real property located at 4 El Sereno, Orinda, CA 94563, (2) assets in her Bitbay financial cryptocurrency account ending in 8119, and (3) her shares at Westlake Securities, Inc. as collaterals to this loan. (Comp., ¶ 24 and Ex. A)

On or about July 29, 2025, Plaintiff wired one million dollars from his Charles Schwab bank account to Defendant's Bank of America account. Comp., ¶ 25 and Exhibit B.

Between July 29, 2025 and August 29, 2025, Defendant claimed that she received one million dollars Plaintiff wired to her but that the money was frozen by her bank for unknown reasons. Comp., ¶¶ 26-29.

In truth, Defendant received the one million dollars in her Bank of American account, transferred the one million dollars to her Coinbase account and then to her BitBay account. Defendant claimed that she cannot withdraw any money from her BitBay account. Zhang Decl., ¶4.

Due to her claimed inability to withdraw money from her BitBay account, Defendant told Plaintiff that the entire one million dollars had been lost, and as a result, she has no money to repay Plaintiff. *Id.*, ¶ 5.

After this lawsuit was filed, in November 2025, Defendant paid Plaintiff back five thousand dollars. *Id.*, ¶ 7.

After this lawsuit was filed, Defendant also conceded her liability to Plaintiff numerous times and tried to negotiate a favorable settlement for herself. The settlement efforts fell apart, because Defendant insisted on various impractical terms, including elimination of all her liability after a few years, before a full payment is made. *Id.*, ¶ 8.

To date, Defendant has still filed any response to the Complaint. *Id.*, ¶ 9.

3

MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

### IV. LEGAL STANDARD

The factors to be considered in ruling on an application for default judgment are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Upon entry of default, all well-pleaded facts in the complaint are taken as true, save those related to the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

### V. DISCUSSIONS

**A. Service And Jurisdiction Are Proper.**

Plaintiff filed a proof of personal service of the summons and complaint on Defendant. ECF 13. A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Securities & Exchg. Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9thCir. 2007). Accordingly, that service was proper based on the sworn proof of service filed by Plaintiff.

This Court has diversity jurisdiction under 28 U.S.C. § 1332: Plaintiff is a citizen of the State of California; Defendant is a citizen of the State of Texas; and the amount in dispute is at least one million dollars.

This Court also has personal jurisdiction over Defendant. Defendant internationally solicited the loan from Plaintiff, who Defendant knew was a California resident and was residing in California at the time. Defendant also entered into the loan agreement in question with Plaintiff in California. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## B. All *Eitel* Factors Counsel Toward Granting The Default Judgment On Plaintiff's Breach Of Written Contract Claim.

### a. Possibility of Prejudice

Plaintiff will be prejudiced if default judgment is not entered because he has sustained injury as a result of Defendant' actions, and without default judgment, Plaintiff will be left without a judicial resolution to its claims and without other recourse for recovery. *J & J Sports Productions, Inc. v. Salgadobarajas*, 2014 WL 3053485, at *2 (N.D. Cal. July 3, 2014) (denying "default judgment would be prejudicial because Plaintiff would be left without a remedy as a result of Defendant's refusal to litigate this action.").

### b. Plaintiff's Complaint Is Meritorious And Sufficient

The second and third *Eitel* factors "require that Plaintiff's allegations state a claim upon which it may recover." *Adobe Systems Inc. v. Kern*, 2009 WL 5218005, at *3 (N.D. Cal. Nov. 24, 2009) (internal quotation omitted).

A breach of contract requires: (1) a contract, (2) plaintiff's performance; (3) defendant's breach; and (4) damages. *Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 458.

Here, Plaintiff's Complaint sets forth all elements of a breach of contract claim: Plaintiff alleges that he loaned Defendant one million dollars under the written "I Owe You" agreement (Comp., ¶¶ 26-29 and Ex. A), and that Defendant received the one million dollars but refused to pay Plaintiff back one-million-dollar principal with 10% annual interest, as required by the "I Owe You" agreement. (Comp., ¶ 40.)

      c. **Amount at Stake**

The amount Plaintiff seeks for his breach of contract claim is the value of the damages Defendant caused Plaintiff to suffer. *Foster v. A and R Media Fund, LLC*, 2019 WL 7877400, at *3 (C.D. Cal. Oct. 29, 2020) (in breach of contract action, request for damages "exactly proportional to the harm" weighed in favor of default judgment).

Here, the amount requested by Plaintiff for his breach of contract claim—$1 million principle with $4,657.53 interest accrued on the "I Owe You" agreement—are reasonable: the one million dollars is the principal, and $4,657.53 is the 10% annual interest accrued over 17 days between when Plaintiff loaned Defendant the money (July 29, 2025), and when Defendant failed to repay the loan as she had agreed (August 15, 2025).

Moreover, in view of the Court's discretion with respect to damages, regardless of the amount requested, default judgment would be proper. *See J & J Sports Productions, Inc. v. Bolano*, 2015 WL 4512322 (N.D. Cal. July 24, 2015).

### d. Possibility of Dispute

Upon entry of default, all well-pled facts in the complaint are taken as true except for those relating to damages. *TeleVideo 14 Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Here, material facts are undisputed and supported by written evidence. The "I Owe You" agreement and the bank transfer receipt (Complaint, Exhibits A and B, respectively) show that Plaintiff transferred one million dollars to Defendant's Bank of America account on July 29, 2025. Defendant received Plaintiff's one million dollars but refused to pay Plaintiff back. Thus, a default judgment for the one million dollars loaned with interest is proper.

### e. Possibility of Excusable Neglect

Next, there is no evidence that the failure of Defendant to respond was due to excusable neglect. Defendant was personally served under Rule 4(e)(2)(A). ECF 13. A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Securities & Exchange Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). The failure of Defendant to respond despite being personally served establishes that her default was not due to excusable neglect. *Virgin Records America, Inc. v. Cantos*, 2008 WL 2326306, at *3 (S.D. Cal. June 3, 2008).

### f. Policy for Decision on the Merits

The last *Eitel* factor weighs in favor of Defendant. Of course, this factor arguably always weighs against default judgment; moreover, "[a] defendant's failure to answer the plaintiff's complaint makes a decision on the merits impractical, if not impossible." *Adobe Systems*, 2009 WL 5218005 at *6 (citation omitted). Finally, this factor, standing alone, is not enough to preclude default judgment. *Id*.

When all of the Eitel factors are considered, default judgment is appropriate.

## C. Plaintiff Should Be Granted Prejudgment Interest.

The Court should award $46,196.24 prejudgment interest. The prejudgment interest is 10% for breach of contract claims. California Constitution, Article XV, Section 1.

Here, the Complaint requests "prejudgment interest at the statutory rate from the time payments came due." As explained above, $1,004,657.53 ($1 million principle with $4,657,53 interest as dictated by the loan agreement) was due to Plaintiff on August 15, 2025 (*Supra*, Section VI. B.c).

The total prejudgment interest from August 15, 2025 to today (February 17, 2026) is thus $46,196.24: there are 186 days in between, and the amount of 10% annual interest accrued over $1,004,657.53 (amount due to Plaintiff on August 15, 2025) during these 186 days is $51,196.24; and Defendant paid Plaintiff back $5,000.00.

///

///

MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

### D. Plaintiff Should Be Granted Cost of Suit.

The Complaint requests "costs of the suit." Here, the Court should award $635.00 in cost: the filing fee is $405.00, and cost for service of process is $230.00. Zhang Decl., ¶ 10.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff requests a default Judgment in her favor in the amount of $ **1,051,488.77** in damages, which includes

1. $1,004,657.53 (total amount due to Plaintiff on August 15, 2025 under the written loan agreement),

2. $46,196.24 prejudgment interest, and

3. $635.00 cost of this suit,

in addition to post judgment interest.

Dated:  February 17, 2026                                                                 Respectfully submitted,


By: _____/s/_____
Zheng "Andy" Liu (CBN 279327)
1660 South Amphlett Blvd Suite 315
San Mateo, CA 94402
*Attorney for Plaintiff Hui Zhang*