**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HUI ZHANG,<br><br>            Plaintiff,<br><br>    v.<br><br>NING MENG,<br><br>            Defendant. | Case No.  25-cv-08751-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; GRANTING IN PART MOTION FOR DEFAULT JUDGMENT AS TO CLAIM 1; DISMISSING CLAIMS 2-5 WITHOUT PREJUDICE; AND DIRECTING PLAINTIFF TO FILE A PROPOSED DEFAULT JUDGMENT BY JUNE 24, 2026**<br><br>[Re:  ECF 16, 18] |

Plaintiff Hui Zhang, who is represented by counsel, filed this action on October 13, 2025, alleging that Defendant Ning Meng borrowed one million dollars from Plaintiff under false pretenses.  *See* Compl., ECF 1.  Plaintiff asserts five claims:  (1) breach of written contract; (2) fraudulent misrepresentation; (3) statutory fraudulent transfer – actual intent; (4) statutory fraudulent transfer – constructive intent; and (5) common law fraudulent transfer.  *See id*.

The Clerk entered default against Defendant on December 12, 2026, and Plaintiff moved for default judgment on February 17, 2026.  *See* Mot., ECF 16.  On May 19, 2026, Magistrate Judge Susan van Keulen, to whom the case initially was assigned, ordered the Clerk to reassign the case to a district judge and issued a report and recommendation ("R&R") recommending that the motion for default judgment be granted in part only as to the first claim for breach of contract, and that the remaining claims be dismissed without prejudice.  *See* R&R, ECF 18.  The R&R advised that any party could object to the R&R within 14 days.  *See* R&R at 11; Fed. R. Civ. P.

72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). The Court's electronic case filing system reflects that Plaintiff's counsel received email service of the R&R. Plaintiff has not filed objections to the R&R and the deadline to do so has elapsed. Service of the R&R on Defendant was not required. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").

The Court finds Judge van Keulen's R&R to be correct, well-reasoned, and thorough. In particular, the Court agrees with Judge van Keulen's conclusions that the Court has subject matter and personal jurisdiction, that Defendant was properly served with process, and that the *Eitel* factors support default judgment only on Claim 1 of the complaint. The Court also agrees with Judge van Keulen's determination that Plaintiff should be awarded "damages in the amounts of $1,020,273.97 (principal + interest pursuant to the agreement), prejudgment interest at a rate of 10% per annum from October 13, 2025 through the date of judgment in a final amount to be determined and $635.00 in costs." R&R at 11. Finally, the Court agrees with Judge van Keulen's determination that Claims 2-5 are subject to dismissal without prejudice because Plaintiff has not adequately supported the request for default judgment as to those claims.

Accordingly, IT IS HEREBY ORDERED:

(1)    The R&R is ADOPTED by this Court;

(2)    Plaintiff's motion for default judgment is GRANTED IN PART as to Claim 1;

(3)    Plaintiff's motion for default judgment is DENIED IN PART as to Claims 2-5 and Claims 2-5 are DISMISSED WITHOUT PREJUDICE;

(4)    Plaintiff SHALL file a proposed default judgment consistent with this order by June 24, 2026; and

(5)    This order terminates ECF 16 and 18.

Dated:  June 12, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California